IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YOLANDA E. NEWSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-7165 |
| EXPERIAN CREDIT BUREAU,<br>    Defendant. | :<br>:<br>: |

**MEMORANDUM**

**PEREZ, J.**                                                                                                                                                      **January 26th, 2026**

      Plaintiff Yolanda E. Newson, a regular *pro se* litigant in the federal courts, who is also known as Yolanda E. Quewon (ECF No. 2 at 5),[1] filed this civil action against Experian Credit Bureau ("Experian") in the United States District Court for the Northern District of California, which transferred the matter to this Court. Newson seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Newson *in forma pauperis* status and dismiss the Complaint.

**I.**     **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[2]

      This is the ninth *pro se* case that Newson has filed in one year's time. A review of her complaints reflects that she regularly, and incorrectly, invokes 42 U.S.C. § 1983 in her lawsuits. Six of her prior cases were dismissed upon screening or at the pleading stage of the case prior to discovery. *See Newson v. Best Buy Corp.*, No. 25-450 (D. Minn.) (April 11, 2025 order dismissing complaint for failure to state a federal claim on which relief may be granted,

---

[1] *See also Newson v. UPS Corp.*, No. 25-534 (E.D. Pa.) (ECF No. 2 at 1-2 (complaint filed by Yolanda E. Newson that also refers to her as Yolanda E. Quewon)).

[2] The following allegations are taken from the Complaint (ECF No. 1). The Court adopts the pagination supplied by the CM/ECF docketing system.

including that defendant was not a state actor, or a basis for jurisdiction over any state claims); *Newson v. Proctor & Gamble*, No. 25-11 (S.D. Ohio) (Mar. 21, 2025 order adopting recommendation to dismiss with prejudice § 1983 case against private entity); *Newson v. UPS Corp.*, No. 25-534 (E.D. Pa.) (Mar. 5, 2025 memorandum and order dismissing constitutional claims against private store and ADA claims); *Newson v. Total Liquidators*, No. 25-779 (E.D. Pa.) (Mar. 20, 2025 memorandum and order dismissing constitutional claims against private store and ADA claims); *Newson v. Maynor*, No. 25-7134 (Dec. 19, 2025 memorandum and order dismissing complaint for failure to allege substantial § 1983 claim or state claim within the court's diversity jurisdiction); *Newson v. Capital One*, No. 25-209 (E.D. Va.) (July 31, 2025 order dismissing complaint against private financial entity as speculative and because it was not a state actor for purposes of § 1983). She has also filed two cases against the Philadelphia Housing Authority, one of which was dismissed and the second of which was filed recently and is pending. *See Quewon v. Philadelphia Housing Auth.*, No. 24-6778 (E.D. Pa.) (Apr. 29, 2025 memorandum and order dismissing case upon screening after giving leave to amend); *Quewon v. Philadelphia Housing Auth.*, No. 25-6891 (E.D. Pa.) (referring to herself as Yolanda Newson in the complaint).

As is typical of her filings in federal court, Newson used a form civil rights complaint to prepare her pleading in the instant matter and provides only sparse allegations in support of her claims. She alleges that the events giving rise to her claims occurred in January 2025 in Philadelphia. (Compl. at 4.) Newson contends that "[u]nder color of law" Experian "failed to protect" her "personal information" by giving that information "to another Corporation/Entity within their Corporation," causing her to be "put in more debt." (Compl. at 4.) She asserts that she was "willing to pay off [her] credit card bill" yet Experian allowed her "personal information

to be breached." (*Id.*) She claims to have experienced "a mental injury by this Corporation causing [her] to be worried about backed bills" and worsening credit. (*Id.* at 5.) Newson also alleges that she has been "working strenuously to fix [her] credit, so it definitely caused a physical injury." (*Id.*) She seeks millions of dollars in damages, (*id.*), at least in some part for violation of her "due process" rights, (*id.* at 3).

## II.     STANDARD OF REVIEW

Because Newson appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Newson's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Newson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at

3

\*3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) The Court's continuing obligation to assure its jurisdiction includes an assessment of whether the plaintiff has standing to raise her claims. *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing . . . sua sponte.").

### III.    DISCUSSION

As this Court and other federal courts have previously explained to Newson, *see supra*, 42 U.S.C. § 1983 does not provide for liability against private actors, *see e.g.*, *Newson v. UPS Corp.*, No. 25-0534, 2025 WL 714366, at \*2 (E.D. Pa. Mar. 5, 2025) ("Since UPS is a private company, and since nothing in the Complaint suggests any basis for state action here, § 1983 is inapplicable."); *see also Newson v. Total Liquidators*, No. 25-0779, 2025 WL 887810, at \*2 (E.D. Pa. Mar. 20, 2025) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" (quotations and citations omitted)). Newson has again brought constitutional claims against a private actor, Experian, under § 1983. Since § 1983 does not provide for liability, the Court will dismiss all constitutional claims with prejudice. *See, e.g., Adams v. Experian*, No. 23-3100, 2024 WL 5430353, at *2 (N.D. Ill. Apr. 3, 2024) ("[P]laintiff has failed to plausibly allege that Experian violated the constitutional provisions he cites because Experian is a private company and not a government entity, and he does not allege that it engaged in state action."); *Dykes v. Equifax Info. Sols., LLC*, No. 17-04494, 2017 WL 8889837, at *2 (N.D. Ga. Nov. 13, 2017) ("[T]he defendant credit reporting agencies are not government actors that may be liable for constitutional violations via § 1983."). Given the frequency with which Newson has invoked § 1983 in the federal courts, the Court warns her to discontinue further baseless filing of constitutional claims. If she continues to file such claims without regard to the law that has been repeatedly explained to her, she is warned that the Court may impose consequences, which could include sanctions or filing restrictions.

Although § 1983 is clearly inapplicable in this case, it is possible Newson's Complaint could be understood an attempt to raise a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").[3] The FCRA was enacted "to ensure fair and accurate credit

---

[3] Newson also alludes to "Breach of Contract of the CCPA," which may be a reference to a California law. (Compl. at 3.) However, she does not describe any contract and, in any event, the FCRA would preempt such claims. *See Roach v. Navy Fed. Credit Union*, No. 24-6408, 2024 WL 5204584, at *5 (E.D. Pa. Dec. 23, 2024) (explaining that "[t]he FCRA broadly preempts any state law requirements or prohibitions with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies" and citing cases in support (cleaned up)).

reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess[, *inter alia*,] a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section of the FCRA, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez v. TransUnion, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A

consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

  To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345. A court applies a reasonable reader standard to determine the accuracy of an entry in a report, and considers whether the entry, read in the context of the report in its entirety, is inaccurate or ambiguous. *Id.* at 342.

  Additionally, a plaintiff must have standing to bring an FCRA claim. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and

controversies, and this "requirement is satisfied only where a plaintiff has standing"). To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1.).

In *TransUnion LLC v. Ramierz*, 594 U.S. 413, 425 (2021), the Supreme Court focused on the "concreteness" prong of the standing analysis. The Court expressly rejected the notion that "a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 426 (quoting *Spokeo*, 578 U.S. at 341). Instead, a plaintiff must allege a concrete injury separate and apart from an injury under the law. *Id.* (explaining that "an injury in law is not an injury in fact"). The Court differentiated between tangible and intangible injuries. Where a defendant has caused a tangible harm—*i.e.*, a physical or monetary harm—the plaintiff will have suffered a concrete injury in fact. *Id.* at 424-25. Intangible harms may also be concrete, so long as those injuries bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 425.

As noted above, Newson provides few factual allegations in support of her claims. As best as the Court can discern, she is concerned about "backed bills," apparently an unpaid credit card, showing up on her credit report and worsening her credit. (Compl. at 4-5.) Even if that interpretation is correct, nothing in the Complaint explains how any information in her credit report is inaccurate or what Experian did that would otherwise render it liable to Newson in a

manner that would state an FCRA claim. *See Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). Further, the vague manner in which Newson has pled her claims is also insufficient to establish standing, because she does not allege a concrete injury caused by Experian's conduct, especially since her allegations could be read to suggest that Experian only maintained internal files that it distributed "within their Corporation," (Compl. at 4). *See TransUnion*, 594 U.S. at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."); *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235 (3d Cir. 2024) (a plaintiff "whose credit reports contained misleading information but were not disseminated," does not suffer a concrete harm that would establish standing under the FCRA); *Berkery v. Experian PLC*, No. 23-2522, 2024 WL 885118, at *1 (3d Cir. Mar. 1, 2024) (*per curiam*) ("[V]ague assertions that 'any retailer, mortgage company, or insurance company' who reviewed his credit report during the period at issue received inaccurate information are insufficient to demonstrate that any third party actually received that report, or that the report caused a denial of credit or some other injury."). For these reasons, the Court will dismiss any FCRA claims.

9

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Newson's § 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) but dismiss her FCRA claims with leave to file an amended complaint. If Newson intends to file an amended complaint to pursue an FCRA claim, she must be specific about any entries she is challenging on her credit report, describe how (if at all) those entries are inaccurate, and specifically explain what Experian did or did not do and how its conduct caused her concrete harm.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

_____
**HON. MIA R. PEREZ**
