## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YOLANDA E. NEWSON,                          :
    Plaintiff,                           :
                                         :
    v.                                   :      **CIVIL ACTION NO. 25-CV-7165**
                                         :
EXPERIAN CREDIT BUREAU,                      :
    Defendant.                           :

## MEMORANDUM

**PEREZ, J.**                                                        **MARCH 3, 2026**

Plaintiff Yolanda E. Newson, a regular *pro se* litigant in the federal courts, filed this civil action claiming that Experian Credit Bureau ("Experian"), violated her due process rights by failing to protect her personal information and causing her "mental injury."  *See Newson v. Experian Credit Bureau*, No. 25-CV-7165, 2026 WL 192648, at *1 (E.D. Pa. Jan. 26, 2026) (describing allegations of initial complaint and Newson's litigation history in the federal courts). After granting Newson leave to proceed *in forma pauperis*, the Court dismissed her due process claims with prejudice because Experian is not a state actor subject to liability under 42 U.S.C. § 1983 but liberally construed her Complaint as raising claims pursuant to the Fair Credit Reporting Act ("FRCA") and gave her leave to amend any such claims.  *Id.* at *2-3.  Newson returned with an amended complaint, again raising purported due process violations.  (ECF No. 13 ("Am. Compl.").)  For the following reasons, the Court will dismiss the Amended Complaint.

## I.    FACTUAL ALLEGATIONS

Newson alleges that her credit "keeps decreasing" apparently because Experian will not "allow" her to "receive credit cards or other life necessities."  (Am. Compl. at 3.)[1]  She alleges

---

[1] The Court adopts the sequential pagination supplied to the Amended Complaint by the CM/ECF docketing system.

that Experian is unwilling to assist her.  (*Id.*)  She also contends that Experian shared her personal information with other corporations "without [her] signing an opted-out notice."  (*Id.*)  Newson again contends that her due process rights were violated by these acts and claims to have suffered a "mental injury by not being able to acquire life's sustainability from being in an illegal debt."  (*Id.* at 2, 4.)  She seeks millions of dollars in damages.  (*Id.* at 4.)  Newson also attached copies of emails she received from non-party Capital One reflecting that changes have been made to her Experian credit report, as well as notices she received from Experian.  (*Id.* at 6-53.)  The relevance of these exhibits is wholly unclear.

## II.     STANDARD OF REVIEW

Since Newson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Newson's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject

matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)  The Court's continuing obligation to assure its jurisdiction includes an assessment of whether the plaintiff has standing to raise her claims.  *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing . . . sua sponte.").

III.   **DISCUSSION**

"As this Court and other federal courts have previously explained to Newson, 42 U.S.C. § 1983 does not provide for liability against private actors," including Experian.  *Newson*, 2026 WL 192648, at *2-3 (E.D. Pa. Jan. 26, 2026) (citations omitted).  Given Newson's inclusion of purported due process claims in her Amended Complaint, the Court reiterates its warning to Newson that she should "discontinue further baseless filing of constitutional claims" against non-state actors, and that if she fails to do so, "the Court may impose consequences, which could include sanctions or filing restrictions."  *Id.* at *3.

Although § 1983 is clearly inapplicable in this case, as previously noted, *id.*, the Court will liberally construe the Amended Complaint as attempting to raise a claim under the FCRA. The FCRA requires consumer reporting agencies such as Experian to follow reasonable procedures to ensure accuracy of consumer credit reports.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  As previously explained to Newson, to state a claim under the FCRA, she must clearly allege an inaccuracy that was reported on her credit report.  *Newson*, 2026 WL 192648, at *4 (citing *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); then citing *Angino v. Trans Union*

*LLC*, 784 F. App'x 67, 69 (3d Cir. 2019)).  She must also have standing to pursue her claim, meaning she must "allege a concrete injury separate and apart from an injury under the law." *Id.* (citing *TransUnion LLC v. Ramierz*, 594 U.S. 413, 426 (2021)).  As with her initial Complaint, Newson's Amended Complaint fails to explain "how any information in her credit report is inaccurate or what Experian did that would otherwise render it liable to Newson in a manner that would state an FCRA claim." *Id.* (collecting cases).  Nor has Newson alleged facts that establish standing to pursue an FCRA claim.  Accordingly, dismissal is warranted.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Newson's Amended Complaint.  Since the Court previously instructed Newson on the applicable law but she filed an Amended Complaint suffering from the same defects as the initial Complaint, the Court concludes that further amendment would be futile.  *Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that amendment by a *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows, which dismisses this case.

BY THE COURT:

_____

**HON. MIA R. PEREZ**

4